In the Matter of St. Clare's Hospital, Respondent, v. Marsh Breslin, as Commissioner of Welfare of Albany County, Appellant.— Appeal from an order of the Supreme Court, Albany County, in a proceeding brought pursuant to article 78 of the Civil Practice Act directing appellant Commissioner to pay respondent hospital's claim for emergency care rendered to an allegedly medically indigent patient. Pearl Schoonmaker was given emergency treatment and care by respondent for a duodenal ulcer on two separate occasions in 1960. Charges for this treatment and care amounted to $1,068.36 for which respondent has requested payment from appellant pursuant to section 187 of the Social Welfare Law. The Commissioner refused payment on the ground that the Schoonmakers were not medically indigent within the meaning of section 187. This case was before us previously (14 A D 2d 380) and remanded to have the issue adequately framed for judicial determination. This has now been done and the sole issue presented here is the question of medical indigency under section 187. Section 187 (subd. 2, par. [c]) provides in pertinent part as follows: "If, in case of emergency, a patient is admitted without prior authorization of the public welfare official empowered to approve payment for such care, and the hospital wishes to receive payment from public funds for such patient, the hospital shall, within forty-eight hours of the admission, Sundays and legal holidays excepted, send to such official a report of the facts of the case, including a statement of the physician in attendance as to the necessity of the immediate admis-

sion of such patient to the hospital. ⁎ ⁎ ⁎ The cost of the care of such a patient shall be a charge against the public welfare district only when authorized by the commissioner of public welfare or his agents." The Commissioner, using a budgetary formula established by the New York State Department of Social Welfare, computed a surplus of $42.24 a month for the Schoonmakers which he determined was sufficient to render Mrs. Schoonmaker not medically indigent. While, if we were free to do so, our interpretation of the figures here involved might lead to a different conclusion, we are, of course, limited in our review to deciding if the Commissioner's determination is arbitrary and capricious. We cannot substitute our judgment for that of the Commissioner. Nevertheless, even accepting the surplus as computed by the Commissioner we are presented with what we consider the more fundamental question of whether the Commissioner acted arbitrarily and capriciously in determining that respondent hospital be relegated to having its bill satisfied by periodic payments from the Schoonmakers. The court below has so found holding that if the hospital bill could not be paid in full by the patient or someone responsible for the patient at the time the services were rendered, the patient is medically indigent within the meaning of section 187. Clearly the Schoonmakers could not pay the entire bill, or even a substantial part thereof, at the time the services were rendered. On the other hand under subdivision 1 of section 187 the hospital had to provide care for Mrs. Schoonmaker. Thus the legislative purport in section 187, it would seem, is both to insure treatment for those who cannot provide such treatment for themselves and, at the same time, assure payment to the hospital of its bill by the welfare district if the patient is indigent. However, here even if we accept the surplus computed by the Commissioner as in fact existing, the hospital would be insured of payment only by dint of legal action and then could not obtain all, if in fact any, of the computed surplus amount. Therefore, as a practical matter, in those cases where medical indigency is denied because of a marginal budget surplus it is highly possible and even likely that the net result will be that the hospital will not be paid for its services thus subverting the purport of paragraph (c) of subdivision 2 of section 187. We find, therefore, that before exercising his discretion to refuse payment, the Commissioner must find that the hospital bill can be paid in full without protracted delay. The fact that the surplus computed here would be sufficient to warrant the Commissioner not to authorize welfare payments to the Schoonmakers for their daily sustenance is of no import in construing section 187. We are aware of the potential burden this decision may place on the Commissioner, but it must be remembered that paragraph (c) of subdivision 2 applies only to emergency cases and not all hospital care rendered under section 187. Further, while we have stressed what we believe to be the legislative purport in assuring payment to the hospital, we are also mindful of the effect of the Commissioner's determination on the incentive for self-rehabilitation sought to be fostered in the responsible wage earner (see *Matter of Moore,* 277 App. Div. 471). Order affirmed, with $10 costs. Bergan, P. J., Gibson, Reynolds and Taylor, JJ., concur.